UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROYAL COSMOPOLITAN, LLC                CIVIL ACTION

VERSUS                                 NO: 06-4557

SCOTTSDALE INSURANCE COMPANY           SECTION: "J" (5)

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 76).  For the reasons below, Plaintiff's Motion is **DENIED**.

**BACKGROUND**

This action arises out of Hurricane Katrina.  The insured property is located at 125 Royal Street in New Orleans. Plaintiff alleges that it suffered damage as a result of Hurricanes Katrina and Rita as well as the April 2006 rainstorms. Defendant has pled that it does not owe payment on the contract due to certain exclusions in the insurance policy.  Specifically, Defendant relies on the "wear and tear" exclusion and the "inadequate maintenance exclusion," and pleads both as affirmative defenses consistent with Fed. R. Civ. P. 8.

Plaintiff argues that the Policy in question should be classified as an "all risks" policy, and that as such the defendant bears the burden of proving any exclusion.  Defendant

responds that Plaintiff retains the burden of first proving that there is a covered loss before the burden can shift to the Defendant to prove any exclusions.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

## DISCUSSION

This Court has considered the burden of proof issue when it comes to insurance contracts in several cases.  It is well settled that, in Louisiana, an insurer bears the burden of proving the applicability of any exclusion clause in an open peril policy.  *See Grilletta v. Lexington Ins. Co.*, No. 06-4333, 2007 WL 2695340 (E.D. La. Sept. 11, 2007).  The parties do not dispute that the policy in question is an "open peril" policy. However, this burden only "shifts" after the insured meets his initial burden of proving that a loss occurred within the general

terms of the policy.  *See Ferguson v. State Farm Ins. Co.*, 06-
3936, 2007 WL 1378507 (E.D. La. May 9, 2007); *Best v. State Farm
Fire & Cas. Co.*, 969 So. 2d 671, 675 (La. App. 4 Cir. 2007);
*Davidson v. United Fire & Cas. Co.,* 576 So. 2d 586, 590 (La. App.
4 Cir. 1991); *Myerve v. Continental Cas. Co.*, 245 So. 2d 785, 786
(La. App. 4 Cir. 1971).  Thus Louisiana law remains clear that
first an insured must prove that his loss occurred within the
general terms of the policy.  Only then does the burden shift to
the Defendant to prove any exclusions that are applicable.

     In this case, the Plaintiff has simply asserted that it "has
satisfied its burden of showing that it sustained damages to its
property that is covered under the Scottsdale policy."  (Rec.
Doc. 76-3, at 5).  The Defendant responds that the Plaintiff has
not proved "by a preponderance of the evidence, that the damage
falls within the terms and conditions of the policy and that the
cause of damage commenced during the policy period."  (Rec. Doc.
83, at 5).  There remain issues of fact as to when the damage to
plaintiff's property occurred, and whether the damage incurred
was covered by the policy. Specifically, there appears to be a
dispute as to whether the damage complained of occurred within
the time period covered by the insurance contract.

     When there are genuine issues of material fact in dispute,
summary judgment is inappropriate.  *See* FED. R. CIV. P. 56.

Accordingly, Plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 76) is **DENIED**.

New Orleans, Louisiana this the 13th day of May, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE